## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

DAVID REECE                                                      PLAINTIFF

vs.                                                          No. 1:07CV73-D-D

KANAWHA INSURANCE COMPANY                                       DEFENDANT

### OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Prentiss County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

### A. Factual Background

The Plaintiff filed this action in the Circuit Court of Prentiss County, alleging that he purchased a medical insurance policy from the Defendant and that the Defendant subsequently wrongfully refused to pay claims under the policy. The Plaintiff alleges that the Defendant's refusal to pay the subject claims renders it liable under various causes of action including bad faith breach of contract. The Plaintiff seeks both compensatory and punitive damages.

The Defendant removed the case to this court asserting diversity jurisdiction as the jurisdictional basis for removal. Thereafter, the Plaintiff motioned the court to remand this matter to state court contending that because the amount in controversy requirement has not been satisfied, federal diversity jurisdiction does not exist and this court lacks subject matter jurisdiction.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Here, the Defendant alleges that the requirements for diversity jurisdiction are satisfied. The Plaintiff asserts, however, that diversity jurisdiction does not exist because the Defendant has not proven that the Plaintiff's claims are for more than $75,000.[1]

For the reasons set forth below, the court finds that the Plaintiff's contentions are incorrect. The Defendant has met its burden of establishing the existence of federal diversity jurisdiction, and the Plaintiff's motion to remand this cause shall therefore be denied.

### C. Discussion

#### 1. Amount in Controversy

The Plaintiff is not seeking a specified amount of damages. Instead, the complaint simply requests that the Plaintiff be awarded damages "in an amount sufficient to compensate him for the unpaid expenses . . ." and that "the Defendant has acted in bad faith and should be subject to punitive damages . . ." See Complaint at 2.

It is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890

---

[1]The Plaintiff does not dispute that diversity of citizenship exists between the parties.

(1961) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938)). When a plaintiff's complaint does not allege a specific amount of damages, however, the removing defendant may establish federal diversity jurisdiction if it can prove by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. De Aguilar, 47 F.3d at 1409. This burden is deemed to be met if it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000. Allen, 63 F.3d at 1336. In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought. Id. at 1335.

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

### 2.  The Plaintiff's Claims

Because the Plaintiff does not seek a specified amount of damages, the court must first determine whether the Defendant has satisfied its burden of proving that the amount in controversy in this action exceeds $75,000. The Defendant claims that the nature of the Plaintiff's claims and

his request for an award of punitive damages establish that the amount in controversy in this matter exceeds $75,000.

It is well settled that claims for punitive damages, in addition to claims for compensatory damages, are included in the calculation of the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Myers v. Guardian Life Ins. Co. of America, Inc., 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998).

In light of the Plaintiff's inclusion of claims for bad faith and for punitive damages and due to the size of the jury verdicts often rendered in Mississippi in tort cases, the court finds by a preponderance of the evidence that it is facially apparent that the amount in controversy in this matter exceeds the jurisdictional limit of $75,000. Tort cases in Mississippi have in many instances resulted in jury verdicts for punitive damages far greater than $75,000. See e.g., Baker v. Washington Mut. Fin. Group, No. 98-0026 (Circuit Court of Holmes County, Mississippi) (jury award of $69 million in punitive damages); Holmes v. Trustmark Nat'l Bank, No. 93-4-47 (Circuit Court of Jones County, Mississippi) (jury awarded plaintiffs $38 million in punitive damages).

Having satisfied the first prong of the requisite two-prong test, the court must now determine whether the Plaintiff has shown that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. The Plaintiff has not even attempted to meet this burden and has not stipulated that any recovery will not exceed $75,000.

The Plaintiff's failure to stipulate that his damages do not exceed $75,000 leads the court to conclude that the Plaintiff has failed to establish that he will not recover more than $75,000. The Plaintiff could have easily filed an affidavit limiting his recovery to less than $75,000. His failure

to do so weighs heavily in favor of a finding that the Plaintiff has not shown that it is a legal certainty that he will not recover more than $75,000.

Accordingly, pursuant to the foregoing authorities, the court finds both that it is facially apparent that the amount in controversy in this matter exceeds $75,000 and that the Plaintiff has not shown that it is a legal certainty that he will not recover more than $75,000. The court therefore finds that federal diversity jurisdiction is present and the Plaintiff's motion to remand should be denied.

### D. Conclusion

In sum, the court finds by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, and that the Plaintiff has not shown that it is legally certain that he will not recover more than that amount. The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists - the matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states. As such, the court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiff's motion to remand shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the ⎞ day of April 2008.


/s/ Glen H. Davidson
Senior Judge